

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Mr. Giles:

> Opinion No. O-1547
> Re: Authority of Land Commissioner
> to require applicant for lease
> of vacancy to deposit a suffi-
> cient sum to cover expense of
> preparing and mailing notices
> required by House Bill 9 of the
> 46th Legislature; and authority
> of Land Commissioner to employ
> stenographer to prepare such
> notices and pay stenographer out
> of sum so deposited.

In your letter of October 3, 1939, you requested an opinion from this department with respect to certain of your duties and authority under House Bill 9, Regular Session of the 46th Legislature, Acts of 1939.

The particular matters about which you inquire deal with the provisions of Section 1 (c) of House Bill 9. Section 1 (c) of the Act makes provision for the filing of applications to purchase or lease land claimed to be vacant. Among other things, Section 1 (c) provides that the written application to purchase or lease shall state that the applicant "desires to purchase or lease same under the provisions of this Act." The same section further provides as follows:

> "The Commissioner shall notify the appli-
> cant by letter of the estimate of the cost of
> proceedings under the application, and, within
> thirty (30) days after the date of such letter,
> the applicant shall make a deposit with the Com-
> missioner to cover costs of all work which may

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Basoom Giles, Page 2

be necessary in order to comply with the request contained in such application."

It is further provided that:

"The deposits provided for in this section shall be a special trust fund to be used only for the purposes authorized by this Act."

Section 1 (c) further provides:

"Upon filing of any such application with the Commissioner and upon the making of the required deposit as provided for herein, the Commissioner shall forthwith cause a notice of intention to survey to be mailed to all persons named in the application as interested persons, and at the addresses given therein, and to the Attorney General of Texas. The notices shall be deposited in the Post Office at Austin, Texas, at least ten (10) days prior to the date fixed for the beginning of such survey."

You state that an application to lease certain alleged vacant land under the provisions of House Bill 9 has been filed in your office, and that such application contains a list of approximately 2700 interested parties. You then request our opinion upon the following specific questions:

"1. Is the cost of preparing and mailing said notices a part of the 'costs of all work which may be necessary in order to comply with the request contained in such application', which should be included in the estimate mailed to the applicant?

"If you have answered the question in the affirmative, then:

"2. Does the Commissioner of the General Land Office have the authority to employ a stenographer to prepare and mail said notices and to pay such a stenographer out of the money deposited by the applicant to cover the costs of proceeding under his application?"

64.

Inasmuch as Section 1 (c) of House Bill 9 requires the Commissioner upon the making of the required deposit to "forthwith cause a notice of intention to survey to be mailed to all persons named in the application as interested parties", we, therefore, are of the opinion that the preparation and mailing of such notices is "work which may be necessary in order to comply with the request contained in such application." House Bill 9 specifically provides the steps which shall be taken by the Commissioner of the General Land Office upon the filing with him of an application to purchase or lease an alleged vacancy. One of those steps is the mailing of notices to all persons named in the application as interested persons. Accordingly, in our opinion, it is clear that the cost of preparing and mailing the notices required by the act is a cost which may properly be included by the Commissioner in making up his estimate of the "cost of proceeding under the application". The first question contained in your letter is, therefore, answered in the affirmative.

In answer to the second question contained in your letter, you are advised that, in our opinion, the Commissioner of the General Land Office does have the authority to employ a stenographer to prepare and mail the notices referred to and to pay such stenographer out of money deposited by the applicant as aforesaid, provided, however, that the ordinary stenographic force regularly employed by the General Land Office is insufficient to prepare and mail said notices with reasonable dispatch. We do not believe that it was the purpose of House Bill 9 to authorize the employment of a special stenographer upon the filing of each application to purchase or lease a vacancy without regard to the number of interested persons named in the application. However, in the instance referred to in your letter, the interested persons number 2700. If the preparation and mailing of notices to the 2700 persons named in the application in question would necessitate the employment of a stenographer in order to have such notices prepared and mailed with reasonable dispatch, it is our opinion that you are authorized to employ a stenographer for that purpose and to pay such stenographer, out of the special trust fund deposited by the applicant,

the actual and reasonable amount charged by the stenographer for such work.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert E. Kepke*

Robert/E. Kepke
Assistant

REK:BT

APPROVED OCT 14, 1939

*Robert E. Kepke*

Acting ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE